IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAR KO, LLC,

      Plaintiff,

  v.                               Civil Action 2:25-cv-8
                                  Judge Michael H. Watson
                                  Magistrate Judge Kimberly A. Jolson

AUFFENBERG FORD, INC.,

      Defendant,

## OPINION & ORDER

Before the Court is Fourth-Party Defendant CMD, LLC d/b/a McLaren Charlotte's ("McLaren Charlotte") motion to dismiss Fourth-Party Plaintiff's GiveMeTheVin, LLC's ("GMTV") complaint and Third-Party Defendant RP Exotics, LLC's ("RP") crossclaims. (Doc. 33). As relevant here, McLaren Charlotte asserts that this Court lacks personal jurisdiction over it. (*See* Doc. 33 at 8–10 (arguing McLaren Charlotte lacks the requisite minimum contacts with Ohio "to pass constitutional muster")); *see* Fed. R. Civ. P. 12(b)(2) (allowing a party to assert a lack of personal jurisdiction defense by motion)). In response, GMTV argues that personal jurisdiction requirements are met under both the Federal Odometer Act and Ohio's Long-Arm Statute. (Doc. 39 at 2–6). Of the latter, however, GMTV requests that the Court permit jurisdictional discovery to "fully flush out [the relevant] factors" and to "determine the volume of business McLaren Charlotte has in Ohio and to what extent its cars could end up in Ohio." (*Id.* at 4). RP's response makes similar arguments and a matching request. (Doc. 36 (arguing that "at minimum" jurisdictional discovery should be permitted)).

GMTV subsequently filed a Motion to Conduct Jurisdictional Discovery (Doc. 40). McLaren Charlotte opposes any jurisdictional discovery, stating that discovery would be a "costly

fishing expedition" given GMTV and RP's attenuated personal jurisdiction claims. (Doc. 45; *see also* Doc. 41 at 11–12; Doc. 44 at 6–7)). The Court considers GMTV's Motion, and RP's related request, now.

I. **STANDARD**

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). A district court has "discretion to select which method it will follow[.]" *Id.*

II. **DISCUSSION**

The crux of McLaren Charlotte's motion to dismiss is whether McLaren Charlotte has sufficient connections for personal jurisdiction. McLaren Charlotte says no, providing a declaration attesting that McLaren Charlotte does not operate a car dealership in Ohio, does not engage in targeted marketing activities within the Ohio, and is not authorized to engage in business in Ohio. (Doc. 33-1). On the other hand, GMTV and RP argue that McLaren Charlotte's connections are likely sufficient by virtue of its website, its participation in national advertising and cross-state dealer or franchise programs, its car sales, and a potentially related Ohio LLC— but they need more information to be sure. (Doc. 36; Doc. 39 at 4–5; Doc. 46 (noting McLaren Charlotte's self-serving affidavit does not provide enough detail about how its website operates or about sales figures relevant to personal jurisdiction)); *see also* Doc. 36-1, 36-2, 36-3, 36-4, 36-5, 36-6, 39-1). Given these unresolved questions, the Court finds that jurisdictional discovery is the best option to move forward. *See, e.g.*, *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *1–2 (S.D. Ohio Mar. 17, 2014) (allowing

jurisdictional discovery to explore whether and what merchandise was sold via the defendant's website in Ohio); *High 5 Sportswear, Inc. v. H5G, LLC*, No. 3:15-CV-401, 2016 WL 1407887, at *2 (S.D. Ohio Apr. 11, 2016) (permitting jurisdictional discovery where a defendant's affidavit supporting a motion to dismiss failed to provide specific sales figures for Ohio or information regarding the functioning of its website).

Nonetheless, "[a]lthough Federal Rule of Civil Procedure 26 contemplates broad discovery, courts must ensure that jurisdictional discovery does not undermine the due process considerations that personal jurisdiction is designed to protect." *In re Porsche Cars N. Am., Inc.*, No. 2:11-md2-233, 2012 WL 4361430, at *2 (S.D. Ohio Sept. 25, 2012) (citation omitted). Accordingly, GMTV and RP shall have **45 days** from the date of this Order to engage in limited jurisdictional discovery. The discovery must be restricted to jurisdictional issues raised in or relevant to McLaren Charlotte's motion to dismiss for lack of personal jurisdiction. The parties must work together expediently to define the contours of this targeted discovery, keeping in mind that both GMTV and RP have assured the Court their discovery needs are "minimal." (Doc. 36 at 10; Doc. 46 at 2).

If McLaren Charlotte believes a discovery request exceeds the scope and purpose of limited jurisdictional discovery, it is instructed to contact the Undersigned's chambers at jolson_chambers@ohsd.uscourts.gov to arrange a telephone status conference. Prior to contacting the Court, however, the parties must attempt to work through their dispute collaboratively and certify they have attempted to resolve their differences.

GMTV and RP are both **GRANTED** leave to supplement their memorandums in opposition to McLaren Charlotte's motion to dismiss for lack of personal jurisdiction **on or before**

**January 22, 2026**.  McLaren Charlotte's supplemented replies are due **on or before February 5, 2026**.  The supplemental responses and the supplemental replies shall not exceed seven pages.

### III. CONCLUSION

For the foregoing reasons, Fourth-Party Plaintiff GiveMeTheVin LLC's Motion for Leave to Conduct Jurisdictional Discovery (Doc. 40), and Third-Party Defendant RP Exotics LLC's request for the same (Doc. 36), are **GRANTED**.  The parties shall have **45 days** to conduct jurisdictional discovery consistent with this Order.  GMTV and RP are **GRANTED** leave to supplement their memorandums in opposition to McLaren Charlotte's motion to dismiss for lack of personal jurisdiction **on or before January 22, 2026**.  McLaren Charlotte's supplemented replies are due **on or before February 5, 2026**.

IT IS SO ORDERED.


Date:  December 8, 2025                              /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE